UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



WILLIAM GRANT,

    Plaintiff

v.        CIVIL NO. 3:08CV671

ASSET ACCEPTANCE, LLC

    Serve:    CT Corporation System
                4701 Cox Road, Suite 301
                Glen Allen, VA   23060-6802

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, WILLIAM GRANT, (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendant, and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p). Venue is proper in this division as the Defendant operates in Virginia through its registered agent located in this division. It is a related case to another case in this division 3:08cv292-REP.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, Upon information and belief, ASSET ACCEPTANCE, LLC. ("Asset Acceptance") is a limited liability company doing business in the State of Virginia. Its primary purpose is the collection of consumer debts.

## FACTS

5. After the Plaintiff's bankruptcy filing in 1997, all of his pre-petition debts were discharged, including a Wells Fargo account.

6. Upon information and belief, sometime thereafter Wells Fargo sold its previously "discharged" account to Asset Acceptance, who thereafter began collection of the account and the reporting of same to the national consumer reporting agencies (CRA's).

7. The Asset Acceptance collection account reporting was false. The Asset Acceptance collection should have never been published to the CRA's in that Wells Fargo sold the account after the account had been discharged in Plaintiff's 1997 Chapter 7 Bankruptcy. It also inaccurately reported the date the account was opened causing it to remain long past the seven year period provided by law.

8. The Plaintiff then sued Asset Acceptance regarding its publication of the Wells Fargo collection account.

9. Asset Acceptance and the Plaintiff agreed to settle this case on or about April 4, 2006.

10. After the lawsuit and dismissal, Asset Acceptance again published the collection of the Wells Fargo account to the CRA's.

11. In October 2006, Plaintiff disputed with Equifax by letter, the reporting of the Asset Acceptance collection of the previously discharged Wells Fargo account.

12. Upon information and belief, Plaintiff alleges that on one or more occasions the CRA's forwarded Plaintiff's disputes to Asset Acceptance. Upon information and belief, within the last two years, Asset Acceptance was provided notice of Plaintiff's disputes and despite this notice, it failed and refused to investigate and correct its inaccurate publication.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681s-2(b)(1)(A)

13. Plaintiff realleges and incorporates paragraph 1 through 12 above as if fully set out here.

14. Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's dispute of the Asset Acceptance representation.

15. As a result of this conduct, action and inaction of Asset Acceptance, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

16. Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

17. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681s-2(b)(1)(B)

18. Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19. Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

20. As a result of this conduct, action and inaction of Asset Acceptance the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

21. Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

22. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to

15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15U.S.C. 1681s-2(b)(1)(C) and (D)

23. Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing the Asset Acceptance representation within Plaintiff's credit file with Equifax without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

25. As a result of this conduct, action and inaction of Asset Acceptance the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

26. Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendant; for his attorneys fees and costs; for pre-judgment and

post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

WILLIAM GRANT,

By _____
Of Counsel

LEONARD A. BENNETT
VSB #37523
*Consumer Litigation Associates, P.C.*
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile

Counsel for Plaintiff